860 F.2d 661
 Walter Clyde WHITE By next friend Jean SWAFFORD, Plaintiff-Appellee,
v.
Gary GERBITZ, District Attorney for the 11th Judicial
District of Tennessee, and his assistants, Larry
Campbell, Stan Lanzo and Paul W.
Herrell, Defendants-Appellants,
and
The City of Chattanooga, a municipal corporation,
individually, and by virtue of the acts of its
agents or officers Steve Angel, George
A. Dotson, Connie C. King, and
Russell Bean, Defendants.
 Nos. 87-5263, 87-5387.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 23, 1988.
Decided Oct. 20, 1988.
 
 W.J. Michael Cody, Atty. Gen. of Tennessee, Nashville, Tenn., Jane W. Young, David M. Himmelreich (argued), for defendants-appellants.
 John R. Meldorf, III (argued), Hixson, Tenn., for plaintiff-appellee.
 Before JONES and GUY, Circuit Judges, and RUBIN, District Judge.*
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Plaintiff filed a 42 U.S.C. Sec. 1983 cause of action along with pendent state claims in federal court against numerous defendants arising out of his arrest and incarceration for 288 days as a "material witness" to a murder. Subsequently, the plaintiff filed a substantially similar claim with the Tennessee Claims Commission. In the federal case, all defendants claimed immunity and filed motions to dismiss which the court treated as motions for summary judgment. The court granted the motions except for those motions involving state defendants who served either as the district attorney general or an assistant district attorney general when the plaintiff was arrested and incarcerated as a material witness.[1] These defendants now appeal from the district court's denial of their dismissal motions. Denial of a dismissal motion claiming prosecutorial immunity is immediately appealable.
 
 
 2
 On appeal, the defendants assert that pursuant to the waiver provision of the applicable Tennessee statute, the plaintiff waived his federal cause of action when he subsequently filed the same action before the Tennessee Claims Commission. Alternatively, the defendants assert that they acted in accordance with existing state law in seeking to have the plaintiff incarcerated as a material witness and, therefore, should be afforded absolute immunity. At a minimum, the defendants assert that they should be afforded qualified immunity since a reasonable prosecutor would not have known that Tennessee law did not permit them to incarcerate a "material witness."
 
 
 3
 We find the applicable Tennessee statute dictates that, where the plaintiff elects to sue the state before the Tennessee Claims Commission, he waives any cognate federal cause of action. Accordingly, we find the district court erred in not dismissing the plaintiff's cause of action.
 
 I.
 
 4
 On October 11, 1984, Francis Willard Smith was murdered in an alley located behind 1300 Broad Street in Chattanooga, Tennessee. When the police found Smith's body, they also found the plaintiff, Walter Clyde White, intoxicated and asleep approximately twenty-five feet from the body. The police transported the plaintiff to the police services center where a police officer questioned White as to what he might have witnessed. White told the officer that he had witnessed a fight between Smith and Gregory Denson and that Denson had struck Smith with a board. The officer took Denson into custody as a suspect in the murder and took the plaintiff into custody as a "material witness" to a homicide. Shortly thereafter, a deputy city court clerk signed the officer's affidavit of complaint and issued a warrant for the plaintiff's arrest as a "material witness." Early the next morning, the plaintiff was transported to the Chattanooga City Jail where he was charged as a "material witness" to a homicide. District Attorney General Gary Gerbitz decided to use White as a "material witness" in the state's prosecution against Gregory Denson.
 
 
 5
 On October 12, 1984, both the suspect and the plaintiff were brought before a Chattanooga City Court judge for an initial bond hearing. Neither the prosecuting attorney, the arresting officer, nor any witnesses were present at the hearing. Moreover, the judge denied the plaintiff's request to have an attorney represent him. Despite the plaintiff's assurances that he would appear, the judge set the plaintiff's bond at $500 and, when he was unable to make bond, incarcerated him at the Hamilton County Jail until a preliminary hearing set for October 18, 1984.
 
 
 6
 At the preliminary hearing, the plaintiff once again was not afforded an attorney and was not advised of his rights by either the judge or the prosecuting attorney, defendant Assistant District Attorney General Larry Campbell. At the hearing, Denson was bound over to the Hamilton County grand jury on the murder charge and the plaintiff was bound over to the grand jury as a "material witness" to the murder. Assistant District Attorney General Paul Herrell presented proof before the grand jury with regards to the suspect and the plaintiff. The judge raised the plaintiff's bond to $1,500 and, when White again was unable to make bond, incarcerated him at the Hamilton County Jail despite his request that he be released upon his own recognizance.
 
 
 7
 In February, 1985, Gregory Denson's attorney learned that the plaintiff remained incarcerated and asked Assistant District Attorney General Stan Lanzo under what authority the plaintiff remained incarcerated. When Denson's attorney informed the court that the plaintiff remained incarcerated, the court instructed Lanzo and Denson's attorney to work together to release the plaintiff. Two weeks later, when Denson's attorney asked Lanzo whether he had taken any steps to effect the plaintiff's release, Lanzo replied that if Denson's attorney would prepare an order requesting the plaintiff's release that he would sign it and present it to the court. When the plaintiff remained in jail despite Denson's attorney's protestations, the plaintiff wrote a letter to Lanzo in April, 1985, objecting to his incarceration. When Denson's attorney again reminded the court that the plaintiff remained incarcerated, the court verbally ordered that the plaintiff, having agreed to appear voluntarily on July 2, 1985, be released immediately without further conditions. Plaintiff was released immediately from custody on June 27, 1985, after being incarcerated for 288 days as a material witness. On July 2, 1985, plaintiff appeared in court at which time the indictment against Gregory Denson was dismissed at the request of District Attorney General Gary Gerbitz and Assistant District Attorney General Stan Lanzo.
 
 II.
 
 8
 The defendants assert that the plaintiff waived his cause of action in federal court by subsequently filing a substantially similar claim against the State of Tennessee with the Tennessee Claims Commission.[2] The defendants specifically aver that Tenn.Code Ann. Sec. 9-8-307(b) mandates that the plaintiff waive all claims against individual state employees in exchange for the state waiving its sovereign immunity. The defendants further aver that, in accordance with this court's recent decision in Leaman v. Ohio Department of Mental Retardation & Development Disabilities, 825 F.2d 946 (6th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 2844, 101 L.Ed.2d 882 (1988), the plaintiff waived his right to sue in federal court when he filed a substantially similar suit before the Tennessee Claims Commission. Tenn.Code Ann. Sec. 9-8-307(b) provides:
 
 
 9
 (b) Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver shall be void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.
 
 
 10
 In Leaman, this court considered a substantially similar waiver statute[3] in a case where a former employee of the Ohio Department of Mental Retardation initially brought a federal cause of action against the department and certain of its officials for unconstitutionally terminating her employment and subsequently brought a substantially similar cause of action against the department in the Ohio Court of Claims. In Leaman, the plaintiff appealed the district court's dismissal of her federal cause of action and asserted that her filing of the court of claims suit should have had no adverse impact on her federal cause of action since the Ohio waiver statute limited any waiver to claims arising under state law and since the statute itself made the waiver void in this particular case. This court concluded that, where the plaintiff elected to sue the state in the Ohio Court of Claims, the Ohio statute mandated a complete waiver of any companion federal cause of action against individual state officers or employees. The Leaman court reasoned that when the statute informs prospective suitors in "the court of claims that the waiver of cognate claims will be a complete waiver of any cause of action ... which the filing party has against any state officer or employee" the word "any" is patently unambiguous and does not exclude foreign courts. OHIO REV.CODE Sec. 2743.02(A)(1) (emphasis added). The court further noted that the statute voids the waiver only if the court of claims determines that the individual defendants acted either maliciously or outside the scope of their employment. Prior to the district court dismissing the Leaman plaintiff's federal cause of action, the court of claims held the defendant properly terminated the plaintiff's employment. This court concluded that the waiver was not void under the terms of the statute since, by finding that the plaintiff was terminated "in accordance with state law," the court of claims had determined that the defendant employer's actions were neither ultra vires nor malicious.
 
 
 11
 Faced with a fact situation substantially similar to that in Leaman and in view of a nearly identical waiver statute, we find the plaintiff waived his federal cause of action when he subsequently filed a similar claim before the Tennessee Claims Commission. While, admittedly, White's cause of action before the Tennessee Claims Commission was an administrative proceeding, we view it to be the functional equivalent of the proceeding before the Ohio Court of Claims in Leaman. The Tennessee Claims Commission conducts its proceedings pursuant to the Tennessee Rules of Civil Procedure and, upon conclusion of these proceedings, issues written findings of fact and conclusions of law. TENN.CODE ANN. Secs. 9-8-305 and 9-8-403(a)(1). The decisions of the Tennessee Claims Commission are directly appealable to the Tennessee Court of Appeals pursuant to the Tennessee Rules of Appellate Procedure. TENN.CODE ANN. Sec. 9-8-403(a)(1). However, unlike the Ohio Court of Claims in Leaman, the Tennessee Claims Commission has not yet addressed the merits of plaintiff's claim. If the claims commission concluded that the defendants' acts were outside the scope of their employment, the plaintiff would be free to pursue a cause of action in federal court as no waiver would have occurred.
 
 
 12
 For the foregoing reasons, we find the district court erred in not dismissing the plaintiff's federal cause of action and remand with instructions to the district court to enter an order of dismissal. This order should provide that in the event the waiver provision of the Tennessee statute is not invoked due to the defendants' acts being deemed outside the scope of their employment, the plaintiff may present an order within sixty (60) days of the state action reinstating his claims to the federal district court's docket.[4] Accordingly, inherent in our holding is that the statute of limitations on plaintiff's federal cause of action is tolled in the interim.
 
 
 13
 NATHANIEL R. JONES, Circuit Judge, concurring in part, dissenting in part.
 
 
 14
 I agree with the majority's finding that the district court erred in denying the motion to dismiss as to defendants Gerbitz, Herrell and Campbell because their actions were inextricably intertwined with the initiation and presentation of the state's case against Gregory Denson. However, I would affirm the district court's denial of defendant Lanzo's motion to dismiss because, as the majority notes, his conduct does not fall within the purview of the protections afforded by Imbler immunity. Ante at 664-665 n. 4.
 
 
 15
 More importantly, I disagree with the majority's conclusion that White waived his federal cause of action when he filed a claim in a Tennessee administrative proceeding. Although the majority admits that "White's cause of action before the Tennessee Claims Commission was an administrative proceeding," the majority nevertheless transforms this administrative proceeding into "the functional equivalent of the proceeding before the Ohio Court of Claims in Leaman." Ante at 664. Because today's decision further "exalts a state waiver provision above a plaintiff's right to seek relief for unconstitutional acts," I respectfully dissent. Leaman v. Ohio Dept. of Mental Retardation, 825 F.2d 946, 958 (6th Cir.1987) (Keith, J., dissenting).
 
 
 
 *
 Honorable Carl B. Rubin, Chief Judge, United States District Court, Southern District of Ohio, sitting by designation
 
 
 [1]
 The plaintiff named the following defendants in his complaint brought in federal court and before the Tennessee Claims Commission: The City of Chattanooga, Tennessee; Stephen Angel, the police officer who questioned and initially detained the plaintiff; Connie King, the Chattanooga City Court Deputy Clerk, who swore out an arrest warrant for plaintiff's arrest as a "state's witness" and initially set the plaintiff's bond; Russell Bean, an acting Chattanooga City Court Judge who ordered that the plaintiff be incarcerated pending the accused's trial; George Dotson, the Chattanooga City Court Clerk who was responsible for swearing in Judge Bean and opening his courtroom; H.Q. Evatt, the Sheriff of Hamilton County, Tennessee, whose responsibilities included overseeing the county jail where the plaintiff was temporarily incarcerated; and four prosecuting attorneys, Gary W. Gerbitz, District Attorney General for the Eleventh Judicial District of Tennessee; Stan Lanzo and Paul W. Herrell, Assistant District Attorney Generals for the Eleventh Judicial District of Tennessee; and Paul Campbell, former Assistant District Attorney General for the Eleventh Judicial District of Tennessee. Since, absent certification for an interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Fed.R.Civ.P. 54(b), an order disposing of fewer than all of the parties or claims in an action is non-appealable, see, e.g., William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam), we do not address the district court's rulings granting these five defendants' summary judgment motions
 
 
 [2]
 While the plaintiff did not specifically name the State of Tennessee in his complaint, he named one district attorney general and three assistant district attorney generals all of whom prosecute suits on behalf of the state, Tenn.Code Ann. Sec. 8-7-103, and receive an annual salary payable out of the state treasury, Tenn. Code Ann. Secs. 8-7-105 and 8-7-201. These four defendants, in their official capacities, are employees of the State of Tennessee. Since a cause of action against an individual in his official capacity represents an action against the entity of which the officer is an agent, the cause of action against these defendants constitutes an action against the state. See, e.g., Florida Department of Health & Rehabilitative Services v. Florida Nursing Home Assn., 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 reh'g denied, 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 319 (1981); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 reh'g denied, 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974)
 
 
 [3]
 Ohio Rev.Code Sec. 2743.02(A)(1) provides in pertinent part:
 Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
 (Emphasis added).
 
 
 [4]
 Had we not disposed of this appeal on this basis, we would have reversed the district court's ruling in part and afforded absolute prosecutorial immunity to defendants Campbell, Herrell, and Gerbitz since their actions were inextricably intertwined with the initiation and presentation of the state's case against Gregory Denson. Under such circumstances, Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), dictates that absolute immunity is appropriate. However, defendant Lanzo failed to act timely in securing the plaintiff's release after being ordered by the court to work out the details of his release. Although Lanzo's actions may only have been negligent and, thus, not actionable under 42 U.S.C. Sec. 1983, his conduct would not fall within the purview of the protections afforded by Imbler immunity. Similarly, we find that qualified immunity would not be appropriate under these facts. Although Judge Jones dissents from our holding on the Leaman issue, he concurs in our conclusions on the immunity issues