902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leland HICKS, Plaintiff-Appellant,
v.
Steve NORRIS; John Patterson; Frank McFarland; Rodney
McGee; Lonna Hildreath; Debbie Ginn; Randy
Peterson, Defendants-Appellees.
 No. 89-5939.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 
 ORDER
 
 2
 The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Leland Hicks, a pro se Tennessee prisoner, appeals the summary judgment for defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. In his complaint, Hicks complained of violations of his constitutionally protected civil rights which occurred at the Chattanooga Community Service Center. Specifically, Hicks alleged that he was issued a disciplinary report for being in an unauthorized location, and was subsequently found guilty of the offense. Hicks further complained that the defendants placed him in leg irons which were too tight and "were cutting his ankles." Hicks sought monetary, declaratory, and injunctive relief from the defendant prison officials in their individual and official capacities. Upon motions, the district court granted summary judgment for the defendants. On appeal, Hicks argues: (1) that he did not waive his right to file a claim in the federal district court; and (2) that he was found guilty of the prison infraction without sufficient evidence.
 
 
 4
 Upon consideration, we conclude that this case presents no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).
 
 
 5
 Where Hicks elected to sue the defendants in the Tennessee Claims Commission for damages as a result of the tight-fitting leg irons, Tenn.Code Ann. Sec. 9-8-307(b) mandates a complete waiver of any companion federal cause of action against individual state officers or employees. See also White ex rel. Swafford v. Gerbitz, 860 F.2d 661, 664 (6th Cir.1988), cert. denied, 109 S.Ct. 1160 (1989). The fact that Hicks has withdrawn or attempted to withdraw his suit in the Tennessee Claims Commission did not void the waiver under the statute. Only in cases where the Commission has concluded that the defendants' acts were outside their scope of employment will waiver have no effect. This is not the case. Consequently, because Hicks has filed a suit in the Tennessee Claims Commission, he has waived his federal cause of action.
 
 
 6
 Furthermore, based upon the documentation submitted with the defendants' motion for summary judgment, it is clear that the Disciplinary Board had "some evidence" by which to find Hicks guilty of being in an unauthorized location. The testimony of Hicks's witnesses, contained in the Disciplinary Report Hearing Summary, is ample evidence to support the "some evidence" standard as set forth in Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985).
 
 
 7
 For the foregoing reasons, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation