Sam MIRABELLA, Sr., et al., Plaintiffs

v.

UNIVERSITY OF TENNESSEE,
et al., Defendants.

No. 3:93–cv–545.

United States District Court,
E.D. Tennessee,
Northern Division.

July 11, 1994.

Billy J. Stokes, Fansler & Williams, Knoxville, TN, Steven G. Shope, Cruze & Shope, Knoxville, TN, for Plaintiffs.

Beauchamp E. Brogan, Ronald C. Leadbetter, UT Office of General Counsel, Knoxville, TN, for Defendants.

## MEMORANDUM OPINION

JARVIS, Chief Judge.

Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, alleging violation of their rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiffs have also requested the court to invoke its "[p]endent jurisdiction ... to the extent that any of the claims stated herein may be found to be properly enforceable under state rather than federal law, whether codified or pursuant to common law." [1] [*See* Doc. 1, p. 3]. The gist of this cause of action is that University of Tennessee ("UT") police officer Keith Lambert improperly assaulted, arrested, and prosecuted plaintiffs Sam and Charles Mirabella during and after an altercation following the Tennessee v. Florida football game on September 19, 1992.[2] In addition to UT and Officer Lambert, plaintiffs have sued UT's Police Department, UT's Athletic Department, and a number of UT's officials, each of whom is

---

1. These claims are more accurately brought pursuant to the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

2. The court notes for the record that UT won that game, 31–17, although the game was not nearly as close as the score might indicate.

described as "employed and acting as" an employee of UT or one of its administrative components.[3]

This matter is presently before the court on the following motions:

1. Defendants' motion to dismiss [Doc. 38];

2. Plaintiffs' motion to strike [Doc. 40];

3. Plaintiffs' motion to withhold ruling [Doc. 41]; and

4. Plaintiffs' motion to amend complaint [Doc. 42].

For the reasons that follow, defendants' motion will be granted, and plaintiffs' motions will be denied.

## I.

In their motion, defendants contend that this court lacks jurisdiction because plaintiffs filed this same action with the Division of Claims Administration for the State of Tennessee under the provisions of the Tennessee Claims Commission Act, Tennessee Code Annotated §§ 9–8–301, *et seq.*, (the "Act") against the State of Tennessee and UT. Because plaintiffs' action before the Tennessee Claims Commission ("TCC") for $1 million is identical in all material respects to the instant lawsuit, defendants maintain that plaintiffs have waived any other cause of action based on the same act or omission by any state officer or employee. Specifically, defendants rely on the following waiver provision of the Act:

> Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the Commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

T.C.A. § 9–8–307(a)(3)(b) (Supp.1993).

In *White by Swafford v. Gerbitz*, 860 F.2d 661 (6th Cir.1988), *cert. denied*, 489 U.S.

1028, 109 S.Ct. 1160, 103 L.Ed.2d 219 (1989), the Sixth Circuit construed the waiver provision of the Act and held as follows:

> We find the applicable Tennessee statute dictates that, where the plaintiff elects to sue the state before the Tennessee Claims Commission, he waives any cognate federal cause of action. Accordingly, we find the district court erred in not dismissing the plaintiff's cause of action.

860 F.2d at 662. In support of its position that the two actions relate to the same acts or omissions of Officer Lambert and/or other employees of UT, defendants have submitted a copy of plaintiffs' claim for damages filed with the TCC on September 17, 1993.[4] A review of that claim reflects that it arises out of the same facts and circumstances at issue in this case. Based on the holding of *White by Swafford*, it appears that plaintiffs' claims in this court should be dismissed. Nevertheless, plaintiffs attempt to circumvent the waiver provision of the Act by several different methods. None has merit.

## II.

### A.

Plaintiffs first move to strike Appendix A[5] to defendants' motion. In other words, plaintiffs seek to remove their TCC claim from consideration by the court, arguing that matters outside the pleadings may not be considered. It is well settled, however, that in disposing of a Rule 12(b)(1) motion contesting the district court's jurisdiction, the court may consider matters outside the pleadings. *See, e.g., Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). Moreover, in considering a Rule 12(b) motion to dismiss, a district court may take judicial notice of matters of public record. *See, e.g., U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir.1991). No one can seriously dispute that plaintiffs' filing with the TCC is a matter of public record. Addi-

---

**3.** Also named as defendants were the individual members of UT's Board of Trustees; however, these defendants were dismissed by stipulation of the parties filed on November 19, 1993 [*see* Doc. 37].

**4.** That is also the same day on which the instant complaint was filed.

**5.** The court presumes "Appendix A" refers to Exhibit A to defendants' motion.

tionally, the court is of the opinion that Rules 201 and 803(8), Federal Rules of Evidence, allow the court to take judicial notice of plaintiffs' filing with the TCC. The court also observes that plaintiffs have moved to amend their complaint to seek a declaration of their rights which may be in conflict because of the simultaneous filing of their claim with the TCC and this court. The merits of this motion will be discussed shortly. The court mentions the motion to amend at this juncture, however, because plaintiffs have asked the court to consider their filing with the TCC for purposes of their motion to amend; yet, plaintiffs would have the court ignore this filing for purposes of considering defendants' motion to dismiss. The court will consider plaintiffs' filing with the TCC for all purposes. Plaintiffs' motion to strike will be denied.

### B.

As just noted, plaintiffs have moved to amend their complaint to ask the court to declare their rights under the waiver provision of the Act *vis-a-vis* their action in this court. This court declines to do so, however, for two reasons. First, if this court has no jurisdiction because of the waiver provision of the Act, then the declaratory judgment statute, 28 U.S.C. § 2201, provides no independent basis for this court's jurisdiction. Second, this court need not make any declaration regarding plaintiffs' rights under the waiver provision of the Act. In view of the Sixth Circuit's decision in *White by Swafford, supra,* plaintiffs have already been fully apprised of their rights, at least to the extent necessary to resolve their perceived jurisdictional dilemma—their claims filed with the TCC constitute a waiver of their federal cause of action for the same act or omission of any state officer or employee. 860 F.2d at 662. Thus, plaintiffs' motion to amend will be denied because this court has no authority to issue what would be, in effect, an advisory opinion regarding a case for which this court lacks jurisdiction.

### C.

Plaintiffs next ask this court to withhold ruling on defendants' motion to dismiss until this court has declared the full rights and duties of the parties under plaintiffs' theory of a purported "contract" entered into between the State of Tennessee and plaintiffs pursuant to the waiver provision of the Act. Because, for the reasons just stated, plaintiffs' motion to amend to advance this theory will be denied and, further, because of the Sixth Circuit's holding in *White by Swafford, supra,* the court must dismiss this action— not withhold ruling on defendants' motion. Therefore, this motion will also be denied.

### D.

In addition to these motions, plaintiffs attempt to avoid the holding of *White by Swafford* by raising several other disingenuous arguments. Only one merits any discussion whatsoever. Plaintiffs claim that because the waiver provision only applies to a "state officer or employee," then it does not preclude their action against UT and its Police and Athletic Departments. However, it is well established that because a cause of action against an individual in his official capacity represents an action against the entity of which the officer is an agent, then the cause of action against these defendants constitutes an action against the state. *See White by Swafford,* 860 F.2d at 663 n. 2 (citations omitted). Furthermore, the only cause of action against UT and its departments is based on § 1983. It is equally well settled that neither the state nor its officials acting in their official capacities can be sued for monetary damages under § 1983 because they are not "persons" within the meaning of that statute. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). UT, which is a state agency, is likewise not a "person" within the meaning of § 1983. *Gross v. UT,* 448 F.Supp. 245, 247 (W.D.Tenn.1978), *aff'd,* 620 F.2d 109 (6th Cir.1980). Moreover, the undersigned has previously held that UT, as an arm and *alter ego* of the State of Tennessee, is entitled to the state's Eleventh Amendment immunity from suit. *UT v. USF & G,* 670 F.Supp. 1379 (E.D.Tenn.1987); *Carlson v. Highter,* 612 F.Supp. 603 (E.D.Tenn.1985). Other judges in this district have ruled likewise. *See Kersavage v. UT,* 731 F.Supp.

1327 (E.D.Tenn.1989) (Judge Jordan); *Fireman's Fund Insurance Company v. Bell Helicopter Textron, Inc.,* 667 F.Supp. 583 (E.D.Tenn.1987) (Judge Hull).

Nevertheless, plaintiffs attempt to avoid the holding of these cases by arguing that athletically-related income is not "public funds" so that some of these defendants are not protected by the state's immunity. The case law, however, is to the contrary. *See Greenhill v. Carpenter,* 718 S.W.2d 268 (Tenn.Ct.App.1986) (Memphis State University's Athletic Department, which was not separate legal entity from the University, was protected by doctrine of sovereign immunity). Thus, plaintiffs' argument on this issue is unavailing.

### III.

For the reasons foregoing, the court finds that this case must be dismissed. If, however, the waiver provision of the Tennessee statute is not invoked due to defendants' acts being deemed outside the scope of their employment, then plaintiffs may move to reopen this case within sixty (60) days of the final adjudication by the TCC whereby their claims can be pursued in this court. *See White by Swafford,* 860 F.2d at 665.[6]

Order accordingly.

### ORDER

For the reasons set forth in the memorandum opinion this day passed to the Clerk for filing, it is hereby ORDERED as follows:

1. Plaintiffs' motion to strike [Doc. 40] is DENIED;

2. Plaintiffs' motion to withhold ruling [Doc. 41] is DENIED;

3. Plaintiff's motion to amend complaint [Doc. 42] is DENIED; and

4. Defendants' motion to dismiss [Doc. 38] is GRANTED whereby this case is DISMISSED; however, in the event that the waiver provision of the Tennessee Claims Commission Act is not invoked due to defendants' acts being deemed outside the scope of their employment, then plaintiffs may move to reopen this case within

sixty (60) days of the final adjudication of plaintiffs' action before the Tennessee Claims Commission, whereby their claims can be pursued in this court.

---

**6.** The court in *White by Swafford* also observed that the statute of limitations on plaintiffs' federal cause of action is tolled in the interim. 860 F.2d at 665.