**Johnnie M. TALLEY, Plaintiff–Appellant,**

v.

**Don WEBB; John Crunk; Dr. Robert Coble; Dr. Molly O'Toole, Defendants–Appellees.**

No. 02–5293.

United States Court of Appeals, Sixth Circuit.

Sept. 13, 2002.

Before NORRIS and CLAY, Circuit Judges; O'MEARA, District Judge.*

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Johnnie M. Talley appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Talley filed his complaint in the district court alleging that the defendant prison medical personnel did not provide adequate care for his serious medical needs. Talley named as defendants two prison health administrators (defendants Webb and Crunk), a prison contract psychiatrist (defendant O'Toole) and a prison contract physician (defendant Coble) in their individual and official capacities and sought money damages and injunctive relief.

Defendant Webb moved the district court to dismiss the complaint, and Talley responded in opposition. The magistrate judge recommended that the complaint be dismissed in its entirety, Talley filed objections, and defendant Webb filed a reply. The district court adopted the magistrate judge's recommendation in part, and dismissed Talley's complaint without prejudice only with respect to defendant Webb.

The remaining defendants separately moved the district court for summary judgment, and Talley responded in opposition. The magistrate judge recommended that the district court grant summary judgment for defendants, and Talley filed objections. The district court adopted the magistrate judge's recommendation and granted defendants' motions. Talley filed a timely notice of appeal. On appeal, Talley essentially reiterates his contention that defendants did not provide adequate care for his serious medical needs. Upon consideration, we will affirm the judgment essentially for the reasons stated in the magistrate judge's report and recommendation entered December 11, 2001, and adopted by the district court in its order entered February 7, 2002.

First, this court need not address the propriety of the district court's dismissal of his complaint without prejudice with respect to defendant Webb. Issues raised in the district court but not addressed on appeal are deemed abandoned and unreviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Here, this court need not address the dismissal without prejudice with respect to defendant Webb because Talley has not addressed the underlying ruling in his brief on appeal. Nonetheless, it is noted that the district court's ruling was proper because Talley waived his right to sue this defendant state employee under § 1983 because he filed a claim before the Tennessee Claims Commission involving the same claim asserted herein. *See White by Swafford v. Gerbitz,* 860 F.2d 661, 663–65 & n. 3 (6th Cir.1988); *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946 (6th Cir.1987) (en banc). Accordingly, dismissal without prejudice with respect to defendant Webb was proper.

De novo review reflects that the district court properly granted summary judgment with respect to the remaining defendants. *See Brooks v. Am. Broad. Cos.,* 932 F.2d 495, 500 (6th Cir.1991). The evidence of record also reflects that Talley has received regular and reasonable treatment for these and other conditions since his incarceration. Although Talley clearly disagrees with the medical treatment he has received, his claims simply do not rise to the level of a constitutional violation because he clearly received a course of medical treatment for his conditions, and his claims amount to no more than a difference of opinion with respect to the treat-

ment he received. *See Estelle v. Gamble,* 429 U.S. 97, 104–07, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.