Stubblefield *et al. v.* Warren County *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed May 2, 1936.

212

·TURNER & HASTON, of McMinnville, and E. W. EGGLE-
STON, of Franklin, for plaintiffs in error.

FRANK DAVENPORT, of McMinnville, for Warren County.

ROY H. BEELER, Attorney-General, and JOHN L. NEELY,
of Nashville, for Department of Highways and Public
Works. .

MR. JUSTICE COOK delivered the opinion of the Court.

July 4, 1930, the state department of highways and
public works, without notice to Warren county and with-
out a condemnation proceeding, took possession of and
appropriated land owned by the plaintiffs for use of a
state highway. That was done in the irregular exercise

of power under section 5, chapter 74, Pub. Acts 1917, and section 9, chapter 149, Pub. Acts 1919. Those acts empowered the state department of highways and public works to appropriate rights of way over the lands of individuals in the name of and at the expense of the county but provided no procedure through which the landowner could enforce compensation.

In *State Highway Department* v. *Mitchell Heirs,* 142 Tenn., 58, 216 S. W., 336, the court, construing the Acts of 1917 and 1919, said the Legislature contemplated resort to the general law providing modes of procedure in condemnation cases. Section 1844, Shannon's Code, Code, section 3109.

When the highway department took possession of plaintiffs' land in the manner indicated, their only remedy was that provided by section 3131 of the Code. On May 9, 1931, the plaintiffs sued Warren county for compensation. May 16, 1933, Warren county caused the state and the commissioner of highways and public works to be brought before the court as defendants upon allegations that by chapter 57 of the Public Acts of 1931 liability for rights of way was assumed by the state and that plaintiffs' claim was against the state and not against Warren county.

After the state and the commissioner of highways and public works were brought before the court, the plaintiffs amended their declaration so as to broaden their claim and include the state. Thereupon the state and the commissioner of highways and public works demurred to the declaration. By six grounds of the demurrer, the doctrine of the state's immunity and exemption from liability upon suit of an individual was pleaded as required by section 8634 of the Code, and two other

grounds of the demurrer raised the defense of the statute of limitations. The defense of the statute of limitations is upon the merits, and ordinarily amounts to the entry of a general appearance.

The state's demurrer was overruled, and, after pleas of not guilty by the state and county, a jury of view was appointed to assess the damages. The report of the jury of view was confirmed by the court without objection by defendants. The court thereupon rendered judgment against Warren county for the value of the land as found by the jury, followed by a recital the substance of which is that as between Warren county, the state of Tennessee and department of highways and public works, the judgment against the county was an obligation of the state and the department of highways and public works to be satisfied in conformity with chapter 57, Public Acts of 1931.

The Court of Appeals affirmed the judgment against Warren county, but said inasmuch as there was no statute authorizing the suit against the state, the defense of immunity should have been sustained and ordered dismissed as to the state.

It was proper and expedient for the Attorney-General to appear and represent the state to protect it from an unreasonable judgment which, under chapter 57, Public Acts of 1931, it should pay. Whether or not the appearance of the Attorney-General and his defense of the statute of limitations was a waiver of the state's immunity from suit is immaterial, because the judgment of the circuit court was against the county in conformity with the Acts of 1917 and 1919, as construed in *Highway Department* v. *Mitchell Heirs, supra,* coupled with a mere declaratory statement that the state had assumed

the obligation by the act of 1931. The trial judge properly refused to render judgment and award execution against the state and the department of highways and public works, but committed no error by the declaration that by force of the act of 1931 such obligations of the counties had been assumed by the state.

Chapter 57, Pub. Acts 1931, contains no provision for suit by the landowner against the state for rights of way taken by it under the Acts of 1917 and 1919. The act of 1931 does no more than transfer the obligation imposed on the counties to the state. As said in *Phillips* v. *Marion County,* 166 Tenn., 83, 87, 59 S. W. (2d), 507, the state is not by the act of 1931 subjected to litigation at the suit of landowners. Notwithstanding the act clearly lifted the burden from the counties of paying rights of way, it contains no provision authorizing direct action against the state, and the courts cannot assume jurisdiction in suits against the state without statutory authority. They can· go no further than declare the law determinative of the rights and obligations of the parties. That was done in this case by the trial judge. He regarded the rule stated in *Baker* v. *Donegan,* 164 Tenn., 625, 47 S. W. (2d), 1095, 52 S. W. (2d), 152, and *Phillips* v. *Marion County,* 166 Tenn., 83, 59 S. W. (2d), 507, where it is held that the compliance with the act of 1931 is left to the discretion of the state commissioner of highways and public works and upon abuse of discretion may be enforced by *mandamus.*

The liability of the county for the value of the right of way taken by the state in its name was very clearly established. Upon that it became the duty of the state to reimburse the county in obedience to the statute by which the state assumed all such obligations.

The defense of the statute of limitations by the state related to the landowners' claim for compensation and was not available to relieve the state of its obligation to the county.

The trial judge properly adjudged liability against the country and beyond that did no more than declare in terms of the statute the duty of the state highway department to satisfy the county's liability in obedience to chapter 57, Pub. Acts 1931.

The judgment of the Court of Appeals will be modified to conform with the judgment of the circuit court against Warren county. The attendant statement that this judgment against the county constituted a claim enforceable against the state department of highways and public works under the act of 1931 is merely declaratory of the law for guidance of the state department of highways and public works and the county.

As modified, the judgment of the Court of Appeals is affirmed.