W. W. FRITTS, Complainant,

*v.*

W. M. LEECH, Com'r Highways and Public Works, et al.,
Defendants.

(*Knoxville*, September Term, 1956.)

Opinion filed December 7. 1956.

E. E. GARLAND, Mountain City, for complainant.

Frank Wade, Nashville, O. L. Peeler, Camden, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

The bill in this case alleged that W. W. Fritts is the owner of approximately 7/10th of an acre of land in Johnson County, Tennessee, by a general warranty deed dated April 8, 1952, and duly recorded in the register's office of said county. The Department of Highways and Public Works through their superintendents, engineers and local agents have asserted title to said property without having any deed or other evidence to support said assertion and that they have high-handedly taken over said strip of land belonging to complainant and have dumped thereon a quantity of gravel, whereby said land has been damaged. Further, that the said defendants had no right to enter upon said land without having purchased said property or, in the alternative, having acquired same by right of eminent domain.

The prayer is for a decree declaring the complainant to be owner of said property; for damages; and for an injunction against the defendants enjoining them from entering upon said land and molesting the complainant in the use of his property.

To this there was a motion to dismiss filed by W. M. Leech, Commissioner of Highways and Public Works, et al., on the following grounds:

1. Because under Williams Tennessee Code, section 8634, the Court is without power or jurisdiction to entertain any suit against an officer or employee of the State acting by authority of the State with a view to reach the State, its Treasury funds or property.

2. Because art. I, section 17, of the Constitution of the State of Tennessee, suits against the State may be brought only in such manner and in such Courts as the Legislature may by law direct, and the Legislature has not directed that this suit be brought in this Court.

3. Because if any of complainant's land has been taken, as alleged, complainant has a plain, adequate and complete remedy in an action at law under Code sec. 3131 (Williams Tennessee Code) and the Chancery Court is without jurisdiction to entertain the suit.

Whereupon, complainant amended his bill by striking out the prayer for damages and inserting a prayer for writ of *mandamus* to put him in possession of his property or in the alternative, to require defendants either to remove the gravel from the premises or, in the discretion of defendants, they exercise their right of eminent domain by filing condemnation proceedings in the Circuit Court.

Following this amendment to the bill the defendants filed a demurrer and without waiving said demurrer filed along with same an answer to the bill. Said demurrer reiterated the three grounds of the above motion, with the additional ground that no case for a writ of *mandamus* is presented by the bill as amended, the surrender of the property of the State by an officer of the State being a matter of judgment and discretion and not a ministerial action.

The Chancellor sustained the demurrer and the complainant has appealed.

Taking the allegations of the bill as amended as true, as we are required to do, the bill states in so many words, that both parties, complainant and defendants, are asserting title to said piece of land and that the State is in possession thereof. It is evident, therefore, that the suit in this aspect is an ejectment suit. In the other aspect the suit is in the alternative to require the Highway Department to exercise the power of eminent domain.

Art. I, section 17, of the Constitution of Tennessee, in part, reads as follows:

"Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."

Williams Code, sec. 8634, T.C.A. sec. 20-1702, provides:

"No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits as shall be dismissed as to the state of such officers, on motion,

pleading, or demurrer of the law officer of the state, or counsel employed for the state.''

Therefore, it is evident that this suit in the aspect of an ejectment suit is one with a view to reach the property of the State, in violation of said above Code section.

▇ This suit in the aspect of one to require the State to exercise the power of eminent domain cannot in any event be maintained for the reason that complainant has a plain and adequate remedy at law under Code sec. 3131, T.C.A. sec. 23-1423, which section reads as follows:

"Action initiated by owner.—If, however, such person or company has actually take [sic] possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest.''

In fact, in the case of *Stubblefield v. Warren County,* 170 Tenn. 211, 93 S.W.2d 1269, 1270, the Court said:

"When the Highway Department took possession of plaintiff's land in the manner indicated, their only remedy was that provided by section 3131 of the Code.''

That was a case in which the Department of Highways and Public Works, without notice to Warren County and without condemnation proceedings, took possession of and appropriated land belonging to the plaintiffs for the use of the highway system. This was done in the irregular exercise of the power conferred by the Acts of 1917

and 1919, now appearing as T.C.A. sec. 54-501 et seq. Those Acts empowered the Department of Highways to appropriate rights-of-way over lands of individuals in the name of and at the expense of the County but provided no procedure through which the landowner could enforce compensation.

The suit was brought by the landowners against the State, the Department of Public Works and the County, to recover the damages for the property taken. In view of Chapter 57 of the Public Acts of 1931, T.C.A. sec. 54-511, by which liability for rights-of-way was assumed by the State, Warren County undertook to implead the State in this action so as to exonerate itself from judgment and have the judgment go against the State. It was held that the Act did no more than transfer to the State the obligation that had originally been imposed on the counties, citing *Phillips v. Marion County,* 166 Tenn. 83, 59 S.W.2d 507, which holds that the State is not by this Act of 1931, subjected to litigation at the suit of landowners. It was further held that, while no judgment could be rendered against the State, the Court could determine the rights of the parties and in accordance with the rule stated in *Baker v. Donegan,* 164 Tenn. 625, 47 S.W.2d 1095, 52 S.W.2d 152, and the Marion County case, *supra,* compliance with the Act of 1931 is left to the discretion of the Commissioner of Highways and upon abuse of discretion may be enforced by *mandamus.*

In the instant suit, however, the complainant has failed to show wherein by any statute the State has given its express permission for the filing of such a suit as is here filed by the complainant, either in the aspect of ejectment suit or of a *mandamus* to compel the State to exercise the power of condemnation.

In *Phillips v. Marion County, supra,* 166 Tenn. on page 87, 59 S.W.2d 507, the Court stated that it was held that the Commissioner of Highways could be compelled by *mandamus* to enforce the Act of 1931, *supra,* when the right of claimant is clear and the facts are undisputed or are not subject to dispute, so that an exercise of discretion is not involved, citing *Peerless Const. Co. v. Bass,* 158 Tenn. 518, 14 S.W.2d 732.

We have no such situation as that before us here. The case of *Dietler v. Kincannon,* 151 Tenn. 652, 659, 270 S.W. 984, relied upon by complainant, was simply a case where the State Board of Education was not vested with any discretion whatever to refuse to pay a valid claim against it.

In the final analysis we have simply a case where the complainant has filed a bill that shows on its face that in one aspect it is an ejectment bill, because the bill states that both complainant and defendants are claiming title to the property and that the defendants are in possession thereof. In the aspect of a suit for *mandamus* to compel the State Highway Department to condemn the property, it will not lie because as said in *Stubblefield v. Warren County, supra,* this alleged act of the Commissioner amounts to nothing more than the irregular exercise of the condemnation of the property. In neither aspect does the complainant show where the State has authorized the filing of this suit.

The only other alleged error that we deem necessary to advert to is that the defendants waived their demurrer by filing it along with the answer. There is no merit in this assignment.

"The matter of demurrer may, however, under the

Code, be incorporated in the answer; and in such a case the answer may cover matter so relied on without overruling the grounds of the demurrer set up, unless such grounds dispute the jurisdiction of the Court over the subject-matter or the person.'' *Gibson's Suits in Chy.*, sec .403, p. 347; T.C.A. sec. 21-616.

All assignments of error are overruled, and the decree below is affirmed.