Bert C. Cox and wife, Mary Virginia Cox, Appellants,

*v*

State of Tennessee, Donald M. McSween, Commissioner of Commerce and Conservation of Tennessee, et al., Appellees.

399 S.W.2d 776.

(*Jackson*, April Term, 1964.)

Opinion filed March 4, 1965.

Petition for Rehearing Denied April 7, 1965.

Hudgins & Hudgins, Miles & Miles, Union City, for appellants.

George F. McCanless, Attorney General, Nashville, Heathcock & Cloys, Union City, for appellees.

646

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an appeal by the complainants from a decree of the Chancery Court sustaining a demurrer filed on behalf of the defendants, State of Tennessee, Tennessee Game and Fish Commission, George F. McCanless, Attorney General of the State of Tennessee, Fred W. Stanberry, Director of the Tennessee Game and Fish Commission, and Donald M. McSween, Commissioner of the Tennessee Department of Commerce and Conservation.

The original bill, which was filed December 12, 1963, alleges that the complainants are the owners of certain described lands located in Obion County, Tennessee, having acquired title to same by general warranty deed on July 18, 1861. It is alleged that complainants' grantor acquired title to the lands by decree of the Chancery Court of Obion County, dated October 6, 1958, confirming a tax sale of the property for the sum of $201.58, which decree is duly recorded in the Register's Office of Obion County. The bill alleges that all taxes on this property for the years 1956-1963 have been paid by the complainants or their grantor. The bill further alleges that

on June 6, 1962, the defendants, W. H. Hines and wife and Maurice Finch and wife, executed a deed purporting to convey this property to the State of Tennessee for and on behalf of the State Game and Fish Commission for a consideration of $11,725.00.

The bill prays that the complainants be adjudged the owners of the described tract of land, that the deed from Hines and wife and Finch and wife to the State for the use and benefit of the Tennessee Game and Fish Commission be set aside and held for naught and removed as a cloud upon complainants' title. The bill prays, in the alternative, that complainants recover damages from defendants to the extent of the consideration paid by the State to its grantors.

The demurrer of the State and its officials, who are sued in their official capacities, is based upon the sovereign immunity of the State. The demurrer states:

"This suit may not be prosecuted against the State of Tennessee or any of its officers named as co-defendants because the State has not authorized it to be maintained nor has the Legislature excepted such suit from the application of either Section 17 of Article I of the Constitution of Tennessee or Section 20-1702 of Tennessee Code Annotated."

The State Game and Fish Commission, by T.C.A. sec. 51-107, is authorized "[t]o acquire by purchase, *condemnation,* lease, agreement, gift or devise, lands or water" suitable for carrying out the purposes for which the Tennessee Game and Fish Commission was created. (Emphasis supplied)

By Article I, Section 17 of the Tennessee Constitution:

"Suits may be brought against the State in such manner and such courts as the Legislature may be law direct."

T.C.A. sec. 20-1702 provides:

"No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state."

■ A suit against a state official in his official capacity is a "suit against the state." *Brooksbank v. Leech*, 206 Tenn. 176, 332 S.W.2d 210, *A. L. Kornman Co. v. Moulton*, 210 Tenn. 491, 360 S.W.2d 30.

In *Fritts v Leech*, 201 Tenn. 18, 296 S.W.2d 834, a bill in chancery was filed alleging that the Department of Highways and Public Works of the State, acting through its representatives, asserted title to certain property belonging to the complainant and took over the property without obtaining any deed and without exercising its right of condemnation. The bill in that case prayed for a decree declaring the complainant to be the owner of the property and prayed for damages and for an injunction enjoining defendant from entering upon the land. Later the bill was amended by striking out the prayer for damages and inserting a prayer for writ of mandamus to put complainant in possession of his property or to require defendants to take the property by eminent domain. In affirming the action of the Chancellor in sustaining a demurrer to the bill in *Fritts*, the Court stated:

"Taking the allegations of the bill as amended as true, as we are required to do, the bill states in so many words, that both parties, complainant and defendants, are asserting title to said piece of land and that the State is in possession thereof. It is evident, therefore, that the suit in this aspect is an ejectment suit. In the other aspect the suit is in the alternative to require the Highway Department to exercise the power of eminent domain." 201 Tenn. at 21, 296 S.W.2d at 836.

The Court, in *Fritts*, held that the suit in the aspect of an ejectment suit was one to reach the property of the State in violation of T.C.A. sec. 20-1702, and further held that the suit in the aspect of one to require the State to exercise the power of eminent domain could not be maintained because complainant had a plain and adequate remedy at law under T.C.A. sec. 23-1423. This Code Section is frequently referred to as the "reverse condemnation statute". It provides:

T.C.A. 23-1423. "Action initiated by owner.—If, however, such person or company has actually take (sic) possession of such land, occupying it for the purpose of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest."

In *Fritts*, the Court further pointed out that this Court, in *Stubblefield v. Warren County*, 170 Tenn. 211, 93 S.W.2d 1269, held that, when the Highway Department took possession of plaintiff's land without condemnation

and without acquiring title thereto, the property owner's only remedy was that provided by the above quoted Code Section.

In a number of cases it has been held that the reverse condemnation statute, now T.C.A. sec. 23-1423, is the exclusive remedy of a property owner whose land has been occupied for purposes of internal improvement by a public service corporation. *Campbell v. Lewisburg & N. R. R. Co.,* 160 Tenn. 477, 491, 492, 26 S.W.2d 141, and cases cited therein. In *Campbell,* the railroad had purchased the property in question from one who owned only a life estate. Upon the termination of the life estate, the remaindermen sought to recover the property. In holding the owners of the remainder interest were entitled only to recover such damages as constitute just compensation for their property taken, the Court stated:

"The reason for this rule is that the law authorizes such corporations to take property to effectuate public purposes for which they were chartered, and in taking such property such corporations commit no unlawful act, which may be redressed by ordinary remedies." 160 Tenn. at 492, 26 S.W.2d at 145.

█ Since, as heretofore pointed out, T.C.A. sec. 51-107 confers upon the Game and Fish Commission power to acquire lands by condemnation, if it in fact took the lands by purchase from one whose title was bad, then the sole remedy of the owner of the property is an action at law for just compensation pursuant to T.C.A. sec. 23-1423, and a bill in equity may not be maintained.

In *Dickens v. Shelby County,* 178 Tenn. 305, 157 S.W.2d 825, the County acquired property for school purposes by deed which purported to convey a fee simple title from

one who owned only a life estate. A bill in chancery was filed by those who claimed to own the remainder interest, seeking to recover the land. In affirming the action of the Chancellor in dismissing the bill, the Court stated:

"* * * The bill seeks nothing more than the recovery of the land and *mesne* profits. No such equitable relief is prayed as would confer on the chancery court jurisdiction to allow damages for the appropriation of the land, even had such damages been sought.

"As held in the original opinion of the court, the chancery court was without jurisdiction to entertain the suit, and the decree of the chancellor dismissing the same was without error." 178 Tenn. at 309, 157 S.W.2d at 827.

■■■ There has been no legislation enacted which would permit the State to be sued in the action now before the Court. Jurisdiction to try condemnation and reverse condemnation suits is conferred upon the circuit courts, and not upon chancery courts. Since complainants are not entitled to any relief within the jurisdiction of a court of equity, that court cannot retain jurisdiction of an action for unliquidated damages to property. *Union Planters' Bank & Trust Co. v. Hotel Co.*, 124 Tenn. 649, 667, 139 S.W. 715, 39 L.R.A., N.S., 580; *Tucker v. Simmons*, 199 Tenn 359, 362, 363, 287 S.W.2d 19.

■■■ The Chancellor was correct in sustaining the demurrer of these defendants and dismissing the bill as to them. In view of the conclusions we have reached, it is not necessary to discuss other questions presented in the briefs of the parties.

The decree of the Chancery Court is affirmed at appellants' cost.

Mr. Special Judge Clement not participating.

On Petition to Rehear

The complainants have filed a petition to rehear, which states:

"Now, the point we are raising is simply this:

"That we are entitled to have Your Honors decide in the case at Bar whether or not the original complainants have a right to have the Chancery Court of Obion County at least determine title to this land, because it is only after the Chancery Court has determined title to it that we would be entitled to sue under the reverse condemnation statute."

In our original opinion we pointed out that in *Fritts v. Leech,* 201 Tenn. 18, 296 S.W.2d 834, both the complainant, Fritts, and the defendant, Leech, as Commissioner of Highways and Public Works of the State, were asserting title to a parcel of land that was in the possession of the State. One prayer of the bill in *Fritts* was for a decree declaring the complainant to be the owner of the property. The Court there held that, by reason of Article 1, Section 17 of the Constitution of Tennessee and T.C.A. sec. 20-1702, the relief thus prayed for could not be granted. In *Fritts,* it was further held that the complainant had a plain and adequate remedy at law under T.C.A. sec. 23-1423.

If, within the time allowed by law, an action is commenced under T.C.A. sec. 23-1423 alleging that the plaintiff is the owner of certain property and that the defendant has actually taken possession of such land, occupying it for the purposes of internal improvement, and the defendant in its pleas denies the plaintiff is the

owner of such property, we know of no reason why the issue thus made could not be tried in a proper proceeding instituted under T.C.A. sec. 23-1423.

In *Johnson v. Roane County*, 212 Tenn. 433, 370 S.W.2d 496, the opinion shows that in an action instituted under T.C.A. sec. 23-1423 the defendant, Roane County, filed "a plea in abatement on the ground other persons than the plaintiffs not parties to the suit owned a substantial interest in the land". The Trial Judge sustained the plea in abatement and dismissed the suit.

Also, in *Southern Railway Co. v. Griffitts*, 42 Tenn. App. 494, 304 S.W.2d 508, in an action brought under T.C.A. sec. 23-1423, the defendant "filed a number of special pleas, among other things denying that plaintiffs were the owners of the strip of land '* * * referred to in plaintiffs' declaration' and asserting that it was the owner of said strip of land." There, the Circuit Judge determined that a deed under which defendant claimed title to the land conveyed only an easement and not a fee simple title, which easement had been abandoned many years before defendant entered upon the land. The Court of Appeals in *Griffitts* affirmed the judgment of the Trial Court and this Court denied certiorari.

In any action brought under T.C.A. sec. 23-1423 it is, of course, incumbent upon the plaintiff to show that he is the owner of the land which has been taken for the purposes of internal improvement if the ownership is denied by the defendant.

The appeal before the Court is from the decree of the Chancellor sustaining the demurrer of the State and the State officials sued in their official capacities. Any rights the complainants may have against the defendants, W. H.

Hines and wife and Maurice Finch and wife, are not now before the Court.

The Chancellor properly sustained the demurrer of the State and State officials. The petition to rehear is denied.