Randy LAWSON and Sharon Lawson, Plaintiffs,

v.

SHELBY COUNTY, TENNESSEE, and its division the Shelby County Election Commission, and O.C. Pleasant, Jr., individually and in his official capacity as Chairman of the Election Commission, et al., Defendants.

No. 97–3034–D/V.

United States District Court, W.D. Tennessee, Western Division.

June 30, 1998.

Mark L. Pittman, Wilson McRae IVY Sevier McTyier & Strain, Memphis, TN, for Plaintiffs.

William J. Marett, Jr., State Attorney General's Office, Civil Litigation and State Services Div., Nashville, TN, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

DONALD, District Judge.

Before the court is the motion of Defendants seeking to have Plaintiffs' complaint

and amended complaint dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs Randy and Sharon Lawson filed their complaint in federal court on November 5, 1997, alleging that they were denied the right to register to vote which constituted a deprivation of their rights, privileges and immunities secured by the Constitution of the United States under the First and Fourteenth Amendments, Art. IV § 1 of the Constitution of the State of Tennessee and the Privacy Act of 1974. Defendants seek dismissal asserting that Plaintiffs' claims are barred by the doctrine of sovereign immunity.

Plaintiffs Randy and Sharon Lawson attempted to register to vote in Shelby County by mail on September 26, 1996. Plaintiffs would not disclose their social security numbers. Instead on the registration form, where the social security number is requested, each Plaintiff wrote "See Public Law 93–579." [1] The Shelby County Election Commission notified Plaintiffs in writing that their attempted registration was rejected because their social security numbers were omitted. Plaintiffs were informed of the rejection of their mailed registration forms prior to the October 5, 1996 registration deadline. Thus at this time, Plaintiffs were put on notice that they were not "registered voters" for purposes of the upcoming election.

Plaintiffs attempted to vote in the November 1996 general election, but were denied because they were not registered. Each Plaintiff presented to the election official at the poll, a letter, for signature, stating that he/she was being denied the opportunity to vote because his/her registration was reject-

ed for failure to disclose his/her social security number. (Plaintiffs' amended complaint ¶ 8)

On November 5, 1997, Plaintiffs sued Shelby County, the Shelby County Election Commission and the Chair of the Commission, Mr. O.C. Pleasant, Jr., "individually and in his official capacity." Plaintiffs then filed their Amended Complaint on February 27, 1998, naming, in addition to Shelby County and the Shelby County Election Commission, Mr. Pleasant and all the remaining members of the election commission in their official, but not in their individual capacities, the State of Tennessee, and Governor Sundquist in his official capacity.

On June 3, Plaintiffs filed a motion to amend their complaint to cure certain procedural defects. In their second amended complaint, Plaintiffs seeks to assert a cause of action under 42 U.S.C. § 1983.

For cause, Plaintiffs' motion is **granted.**[2]

■ The [first] Amended Complaint alleges violation of the United States and Tennessee Constitutions, violation of the Privacy Act, and "respondeat superior." The Amended Complaint seeks declaratory relief that Tenn.Code Ann. §§ 2–2–116 and 127, "read separately and/or together" are unconstitutional, and violate the Privacy Act. Plaintiffs seek injunctive relief to prohibit the requiring of social security numbers as a prerequisite to voter registration and ordering Defendants to register Plaintiffs.

■ On a motion brought under Fed. R.Civ.P. 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing on the record of the case, and exhib-

---

1. Public Law 93–579 is an amendment to the Freedom of Information/Privacy Act, 5 U.S.C. 552a, which states, in pertinent part, that neither the federal, state, or local governments may deny benefits because of an individual's refusal to disclose his social security number. Interestingly, this Public Law was never codified. It remains as a "note" to 5 U.S.C. 552a.

2. The Eleventh Amendment prohibits suits against a state in federal court whether for injunctive, declaratory or monetary relief. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–101, 104 S.Ct. 900, 79 L.Ed.2d 67

(1984); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Furthermore, a state is not a person within the meaning of section 1983. *Will v. Michigan*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The plaintiff's claims against the state of Tennessee are therefore barred by the Eleventh Amendment and do not fall within the purview of section 1983.

These claims thus lack an arguable basis either in law or in fact, and are therefore frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

its attached to the complaint may be taken into account. *Czupih v. Card Pak Inc.*, 916 F.Supp. 687 (N.D.Ohio 1996). In evaluating the motion for dismissal, the court must consider the pleadings and affidavits in the light most favorable to the Plaintiff accepting all factual allegations as true. *In re DeLorean Motor Co.; Allard v. Weitzman*, 991 F.2d 1236 (6th Cir.1993) *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir.1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981)).

■ The Tennessee Constitution provides at Art. I § 17 that "suits may be brought against the state in such a manner and in such courts as the legislature may direct." The Eleventh Amendment prohibits suits by citizens of one state against another state, or actions by citizens against their own state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

■ There are two exceptions to Eleventh Amendment immunity from suits for monetary damages against states and their officials: (1) where Congress expressly abrogates the Eleventh Amendment in legislation, *Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989); and (2) where a state expressly waives immunity from suit for money damages in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). *See also Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376 (6th Cir.1993).

■ In the absence of consent, the Eleventh Amendment bars a suit against a state or one of its agencies in federal courts by her own citizens. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Memphis & C R Co v. Tennessee*, 101 U.S. 337, 339, 25 L.Ed. 960 (1879). Likewise, suits against state officers or employees, in their official capacities, are suits against the state. *See White ex rel. Swafford v. Gerbitz*, 860 F.2d 661 (6th Cir. 1988), *cert. denied*, 489 U.S. 1028, 109 S.Ct. 1160, 103 L.Ed.2d 219 (1989); *Cox v. State*, 217 Tenn. 644, 399 S.W.2d 776 (1965).

■ While the United States Constitution Amend XI bars suits for monetary relief against state officials sued in their official capacities, official capacity suits for prospective or declaratory relief are not per se prohibited. *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376 (6th Cir.1993) *citing Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In the instant case, Plaintiffs seek compensatory and punitive damage in addition to injunction on declaratory relief. Federal court suits against a state for damages are barred by the Eleventh Amendment unless waived by the sate or act of Congress. The instant suit does not fall into either exception and is accordingly barred. Because Plaintiffs' claims are barred under the Eleventh Amendment, Plaintiffs fail to state a cause of action upon which relief may be granted. Defendants' Motion to Dismiss based on sovereign immunity is **granted.**

### Plaintiff's Official Capacity Claims

Plaintiffs have sued Defendants O.C. Pleasant, Jr., David H. Lillard, Jr., Yvonne B. Acey, Richard L. Holden, and Myra Stiles, in their official capacity as members of the Shelby County Election Commission, and the State of Tennessee, and Donald Sundquist, in his official capacity as Governor of the State of Tennessee.

Defendants contend that these official capacity claims must be dismissed because neither the state nor state officials are persons under 42 U.S.C. § 1983.

■ A state and its officials are also not considered persons when sued in their official capacity for monetary damages, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); however, state officials are considered persons when sued for injunctive relief. *Id.* at 71 n. 10, 109 S.Ct. 2304.

■ A suit against a state official in his official capacity is a suit against the state itself. *Cox v. State*, 217 Tenn. 644, 399 S.W.2d 776, 778 (1965). When officials of a branch of the state such as the Election Commission are acting in their official capaci-

ties, they are also entitled to sovereign immunity. *Id.*

 Based on the foregoing, the Election Commissioners sued in their official capacities are entitled to sovereign immunity. Thus Plaintiffs' complaint fails to state a cause of action and is **dismissed.**

*The Statute of Limitations*

 Assuming arguendo, that Plaintiffs' complaint is not barred on sovereign immunity grounds, it is time barred under the applicable statute of limitations. Plaintiffs filed their complaint November 5, 1997. Plaintiffs' application for voter registration was denied October 1, 1997 and Plaintiffs were notified of the denial prior to the October 5 deadline for registration. (Defendants' Memorandum in Support of Motion to Dismiss, p 2) Plaintiffs do not dispute that a one-year statute of limitations applies nor do they deny that they received written notice of the denial of registration for failing to include a social security number prior to the October 5, 1996 registration deadline. Plaintiffs contend that their right of action did not accrue until they were actually denied the right to vote in the November 1996 election.

The court rejects Plaintiffs' argument and finds that the statute commenced to run when Plaintiffs' application was denied and that denial was communicated to Plaintiffs. The denial of the right to vote flowed from the denial of the registration application. Thus, the registration denial was the triggering event for purposes of calculating the statute of limitation.

For purposes of the statute of limitation, the Supreme Court has held that the "proper focus is on the ... act, not the point at which the consequences of the Act became painful." *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). In an age discrimination in employment case under ADEA, the Sixth Circuit held that the cause of action accrued when the employee received notice of termination, not when the employment actually ceased. *In re Rini,* 782 F.2d 603 (6th Cir.1986). Federal law ordinarily determines when a cause of action is deemed to have accrued. *See Muniz—Cabrero v. Ruiz,* 23 F.3d 607, 610 (1st Cir.1994).

Since Plaintiffs' right of action in the instant case accrued prior to October 5, 1996, and a one-year statute of limitations applies, Plaintiffs' complaint is beyond the statute of limitations and is time barred. Accordingly, Defendants' Motion to Dismiss on the statute of limitations grounds is **granted.**

Because Plaintiff's complaint is barred on both sovereign immunity and statute of limitations grounds, it is not necessary to address any other issues which may have been raised by Plaintiffs' pleadings and this court will decline to do so.

For all the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED;** Plaintiffs' complaint is **DISMISSED;** and the Clerk is directed to close this case.