IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 11, 2000 Session

## GALLATIN HOUSING AUTHORITY v. TOWN OF CARTHAGE, TENNESSEE, ET AL.

**Appeal from the Circuit Court for Smith County**
**No. 4073    John D. Wooten, Jr., Judge**

---

**No. M1999-02041-COA-R3-CV - Filed February 9, 2001**

---

This appeal arises from a suit seeking damages under a theory of inverse condemnation by the Gallatin Housing Authority ("Plaintiff") against the Town of Carthage, Smith County, Tennessee ("Defendant"). The Plaintiff has appealed as to the Town of Carthage and Smith County although the issues on appeal are directed to the Town of Carthage only. The Town removed some curbing and grass from a small area located between a turnaround and the county jail and then paved the area. At trial, the court found that the Plaintiff failed to prove by a preponderance of the evidence that it owned the strip of land which it claimed was wrongfully expropriated by the Town and that even if the Plaintiff proved ownership, the Town properly took the land pursuant to a dedication to the Town on June 8, 1966. On appeal, the Plaintiff presents three issues: (1) whether the trial court erred in its factual finding that the Plaintiff failed to prove ownership of the land, (2) whether the trial judge erred as a matter of law in concluding that the dedication allowed the Town to expropriate the land, and (3) whether the trial court erred in failing to consider the totality of the circumstances surrounding the dedication where questions were raised as to the intentions of the grantor. For the reasons hereafter stated, we affirm the trial court and find this appeal to be frivolous.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Kurt O. E. Tschaepe, Gallatin, Tennessee, for the Appellant, Gallatin Housing Authority.

Jacky O. Bellar, Carthage, Tennessee, for the Appellees, Town of Carthage and Smith County, Tennessee.

## OPINION

On June 8, 1966, the Gallatin Housing Authority executed a document entitled *Dedication of Streets, Tennessee Projects Nos. 29-7A, and 29-7B, by the Gallatin-Housing Authority, to the City*

*of Carthage, Tennessee*. The property at issue in this case is located at the end of McClarin Court (now properly called McClarin Lane) bordering the county jail fence on the edge of the land included in the Dedication. The Dedication contains broad language stating in part: "WHEREAS, the Gallatin Housing Authority hereby dedicates all public ways and facilities, including, but not limited to, streets, alleys, adjacent sidewalks, parking bays, water and fire mains, hydrants, storm drains, and sewer systems underlying the streets to the City of Carthage for use as street and/or right-of-way purposes."

At the end of McClarin Lane is a cul-de-sac or turnaound. The particular area at issue in this case is the small portion of land between the turnaround and the county jail fence. Prior to the paving of the small portion of land at issue, at the point where McClarin Lane ended, there was some curbing, a section of grass, and the Smith County Jail chain linked fence and gate with vegetation growing on it. On August 3, 1996, the Town removed approximately twenty feet of curbing at the turnaround, excavated approximately ten feet between the curbing and the county jail fence, and put down gravel. Some vegetation was also removed from the jail fence. In November, the Town paved the section of land it had graveled establishing approximately a fourteen foot wide paved connection between the jail fence and the McClarin turnaround. The chain linked fence and gate remained. The area at issue was paved for safety purposes in case of emergency.

The Plaintiff filed a complaint against the Town of Carthage, David Bowman, individually and in his capacity as Mayor, Johnny Bane, individually and in his capacity as Sheriff, and Smith County for inverse condemnation and, in the alternative, for trespass by Defendants Smith County and the Town of Carthage. Defendants Bowman and Bane were voluntarily dismissed. The issue at trial against Smith County was trespass only and the court directed a verdict in favor of Smith County.

The court found that the Plaintiff failed to prove by a preponderance of the evidence that it owned the small portion of land at issue, a necessary element to establishing that the Defendant Town of Carthage inversely condemned the land. Further, the court found that even if the Plaintiff had proved ownership, the Town of Carthage acted properly in utilizing the land for right-of-way purposes. The Defendant asserts that we should declare the Plaintiff's appeal frivolous and award Defendant damages pursuant to T. C. A. Section 27-1-222.

Our review is governed by the provision of Tenn. R. App. P. 13(d) that "review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise."

In this case, the Defendant did not commence condemnation proceedings, rather, the Plaintiff filed an action for inverse condemnation. "[I]nverse condemnation is a shorthand description of the manner in which a landowner recovers just compensation for a taking of property when condemnation proceedings have not been instituted." *Jackson v. Metropolitan Knoxville Airport Authority*, 922 S.W.2d 860, 861-62 (Tenn. 1996) (Citing *Johnson v. City of Greeneville*, 435 S.W.2d

476, 478 (Tenn. 1968)." Inverse condemnation is a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency." 29A C.J.S. *Eminent Domain* § 381 (1992).

T.C.A. Section 29-16-123 governs such actions and provides:

If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest.

We first address the issue of whether the Gallatin Housing Authority proved the Town expropriated the land at issue. "[T]o establish a prima facie cause of action for inverse condemnation, a plaintiff must allege a direct and substantial interference with the beneficial use and enjoyment of the property at issue. The interference must be repeated and not just occasional. Moreover, the interference must peculiarly affect the property at issue and result in a loss of market value." *Jackson*, 922 S.W.2d at 865 (Footnote omitted).

"In any action brought under T.C.A. Section 23-1423 it is, of course, incumbent upon the plaintiff to show that he is the owner of the land which has been taken for the purposes of internal improvement if the ownership is denied by the defendant." *Cox v. State*, 399 S.W.2d 776, 780 (Tenn. 1965). Therefore, the Plaintiff must prove ownership prior to addressing the other necessary elements since ownership is at issue in this case. If the Plaintiff does not own the land at issue, a cause of action for inverse condemnation cannot be maintained.

The Plaintiff alleged ownership of the small portion of land at issue in the complaint. The Defendant admitted that the Plaintiff owned the bordering tract of land, Tennessee Project No. 29-7B, but with regards to the small portion of land at issue in this case, the Defendant stated: "To the extent the allegations . . . claim that the tract of land at issue in this Complaint is owned by the Gallatin Housing Authority, these Defendants are without knowledge or information sufficient to form a belief as to the truth of that allegation." Tenn. R. Civ. P. 8.02 provides: "If the party is without knowledge or information sufficient to form a belief as to the truth of an averment, he or she shall so state and this will have the effect of a denial."

The trial court found that "the Plaintiff failed to prove by a preponderance of the evidence that it owned the strip of land at issue in this case, a necessary element to establishing that the Defendant inversely condemned the land." The Plaintiff maintains in this appeal that there was evidence at trial sufficient to preponderate against the trial court's finding that the plaintiff failed to establish ownership. We disagree. At trial, the Plaintiff introduced blueprints of the property. The blueprints were not sufficient to establish a property line or boundary. The Plaintiff also presented

lay testimony regarding ownership, none of which was persuasive to the trial court. In fact, a witness at the trial, now the attorney representing the Plaintiff on appeal, testified specifically that he did not know where the property line was located.

The appeal of this case is somewhat of a mystery because the Plaintiff was unable to prove the essential element of ownership. No person with knowledge of the boundaries testified for the Plaintiff, and apparently, no experts were retained to determine the property line. Therefore, there can be no finding that inverse condemnation had occurred or what, if any, land was taken.

Since the ownership issue is dispositive of this case, the other issues presented by the Plaintiff are moot. Nevertheless, we are of the opinion that even if the Plaintiff were able to prove ownership of the property, the broad language of the Dedication covered the use to which the land was put. The gate was present before the paving of the land. The purpose of the gate in the county jail fence was for emergency use as was the paving of the small portion of land at issue

From the evidence in the record, we find that there was no proof that the Plaintiff owned the portion of the land at issue. The trial court is therefore affirmed. The Defendant has moved this Court to find the appeal of the Plaintiff to be frivolous and to assess damages therefor. This appeal had no reasonable chance of success and is frivolous. *Bursack v. Wilson*, 982 S.W.2d 341 (Tenn. Ct. App. 1998); *Wilson v. Ricciard*, 778 S.W.2d 450 (Tenn. Ct. App. 1989). The costs of this appeal should be taxed to the Plaintiff. This case is remanded to the trial court for assessment of damages incident to this frivolous appeal and attorney's fees.

 

 

_____
WILLIAM B. CAIN, JUDGE