IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2019

FILED
06/25/2019
Clerk of the
Appellate Courts

## ASATA D LOWE v. MIKE PARRIS ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-19878 David Reed Duggan, Judge**

_____

**No. E2018-01753-COA-R3-CV**

_____

This case involves a prisoner's appeal from the trial court's dismissal of his complaint, wherein he raised numerous claims relating back to his seizure, arrest, prosecution, and conviction, all of which occurred from 1998 to 2000. The trial court dismissed all of the prisoner's claims on numerous grounds, including that they were time-barred by various statutes of limitations and that many of the defendants were entitled to sovereign immunity. Concluding that because certain defendants are entitled to sovereign immunity and that all of the prisoner's claims are either time-barred or do not comply with the Tennessee Rules of Civil Procedure, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Asata Dia Lowe, Wartburg, TN, Pro se.

Herbert H. Slattery, III, Attorney General and Reporter; Thomas J. Aumann, Assistant Attorney General, for the appellees, Mike Parris and Tennessee Department of Correction.

Craig Strand, Knoxville Tennessee and Craig L. Garrett, Maryville, Tennessee, for the appellee, Blount County Sheriff's Office.

Benjamin K. Lauderback, Knoxville, Tennessee for the appellees, Alcoa Police Department, Ernest C. Kemper, III, Dale Boring, and Lowell H. Ridings.

Herbert H. Slattery, III, Attorney General and Reporter; Laura Miller, Assistant Attorney General, for the appellees, Edward Bailey, Kirk Andrews, and the Blount County District

Attorney's Office.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On July 12, 2000, a Blount County, Tennessee jury convicted Asata Lowe ("Plaintiff") on two counts of first-degree murder and one count of especially aggravated robbery. Plaintiff's conviction was upheld on direct appeal to the Tennessee Court of Criminal Appeals. *See State v. Asata Lowe*, No. E2000-01591-CCA-R3-CD, 2002 WL 31051631 (Tenn. Crim. App. Sept. 16, 2002). The conviction was again upheld on post-conviction appeal. *See Lowe v. State*, No. E2006-02028-CCA-MR3-PC, 2008 WL 631169 (Tenn. Crim. App. Aug. 25, 2008).

On April 10, 2018, Plaintiff, proceeding *pro se*,[1] filed a "Complaint for Extraordinary Process" (the "Complaint") in the Blount County Chancery Court. Therein, Plaintiff named numerous defendants[2] and raised numerous tort and constitutional claims, as well as a host of procedural deficiencies, arising from his arrest, conviction, and imprisonment.[3] In total, Plaintiff sought $5,000,000,000.00 in economic damages, $5,000,000,000.00 in non-economic damages, and $15,000,000,000.00 in punitive damages. After Plaintiff filed the Complaint, the case was transferred from the Blount County Chancery Court to the Blount County Circuit Court (the "trial court") via an interchange order entered on April 12, 2018. After the transfer to the circuit court, nearly all of the Defendants filed motions to dismiss,[4] asserting that all of Plaintiff's claims should fail: (1) pursuant to the doctrine of sovereign immunity; (2) because his underlying criminal convictions had not been invalidated through direct appeal, post-conviction, or *habeas* proceedings; (3) because his claims were time-barred by various

---

[1] As a *pro se* litigant, Plaintiff is entitled to fair and equal treatment by the courts. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Nevertheless, we must "be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary" and not excuse the *pro se* litigant from complying with the same substantive and procedural rules that represented parties must observe. *Id.*

[2] In total, Plaintiff named 12 Defendants: (1) Mike Parris, Warden of the Morgan County Correction Complex; (2) the Tennessee Department of Corrections; (3) Dale Boring and (4) Ernest Kemper, two officers with the Alcoa Police Department; (5) Captain Lowell Ridings, an Alcoa Police Detective; (6) the Alcoa Police Department; (7) Edward Bailey and (8) Kirk Andrews, the two prosecuting attorneys in the 2000 case against Plaintiff; (9) F.D. Gibson, Plaintiff's own counsel in the 2000 case; (10) Brian Whitman, a co-defendant in the 2000 case; and the (11) Sheriff's and (12) District Attorney's Offices of Blount County (together, "Defendants")

[3] Such claims raised by Plaintiff included—but were not limited to—due process violations, human rights violations, human trafficking violations, and an unlawful restraint of trade and discrimination violation.

[4] Defendants Gibson and Whitman did not file motions to dismiss. However, for reasons not pertinent to this appeal, the trial court dismissed all claims against Defendants Gibson and Whitman in its final judgment.

statutes of limitations; and (4) because his claims violated Tennessee Rule of Civil Procedure 8.01.

A hearing on Defendants' respective motions was held on August 13, 2018. On August 23, 2018, the trial court entered an order dismissing Plaintiff's lawsuit in its entirety, and in which it made the following findings of fact and conclusions of law:

> As a matter of law, this Court finds it lacks subject matter jurisdiction over the Plaintiff's claims raised against the Blount County District Attorney's Office, Kirk Andrews, Edward Bailey, Mike Parris and the Tennessee Department of Corrections based on sovereign immunity grounds. In the alternative, the Court finds Defendants Bailey and Andrews retain absolute prosecutorial immunity. Additionally, this Court finds that to the extent the Plaintiff attacks the validity of his criminal convictions, such a claim or claims are barred pursuant to the well-established law set out in *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Further, this Court finds as a matter of law that all of the Plaintiff's causes of action raised against each Defendant are time-barred based upon the applicable statute of limitations period that apply to the claims raised by the Plaintiff. This Court finds the Plaintiff's argument that he only learned of the causes of action he is now raising in April of 2017 are unavailing and disingenuous. The Court bases this determination on the multiple previous pleadings filed by the Plaintiff in other matters with this Court over the years, which reveal the Plaintiff had knowledge of facts he now alleges support his purported claims for close to two decades.

However, subsequent to the August 13 hearing but prior to the entry of the August 23 order, Plaintiff filed numerous other pleadings and motions, including, but not limited to, a motion for summary judgment on subject matter jurisdiction, a statement of facts and an affidavit in support of the motion, and a motion for discovery on the motion. Additionally, since the entry of the August 23 order, Plaintiff continued to file additional pleadings and motions, including, but not limited to, a motion to alter or amend and/or relief from judgment and an affidavit in support of the motion, a motion for transcripts of the August 13, 2018 hearing, a new complaint for declaratory judgment, a motion to schedule a pretrial and discovery conference, and a motion for appointment of counsel. Addressing such pleadings and motions, the trial court entered another order on September 5, 2018, stating the following:

> Again, Plaintiff continues to file motions and pleadings in this case despite the fact that the Court has ruled against Plaintiff, having granted the Defendant[s'] various motions to dismiss. While it is proper for Plaintiff to file a motion to alter or amend, otherwise Plaintiff has chosen to continue to

file documents in this case, which has been dismissed, rather than to file a notice of appeal.

In Plaintiff's many years of filing suits, post-criminal convictions proceedings, and other motions or pleadings, he continues to seek to litigate the same issues that he has raised over and over again, all of which have been dismissed, and all of which dismissals have been affirmed on appeal.

Ultimately, the trial court concluded that "Plaintiff's filings are far past the point of being frivolous and abusive" and dismissed all of Plaintiff's pleadings and motions listed above.[5] Plaintiff timely appealed to this Court on September 26, 2018.

## ISSUES PRESENTED

As we perceive it, Plaintiff raises the following issues for our review:

1. Whether the trial court erred in dismissing all of Plaintiff's claims against Defendants.
2. Whether the trial court erred in dismissing Plaintiff's motion to supplement the record.
3. Whether the trial court erred in depriving Plaintiff his right to a jury trial and the right to be heard.

## STANDARD OF REVIEW

A motion to dismiss based on Tennessee Rule of Civil Procedure 12.02(6) "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). As a result, the resolution of such a motion is determined by an examination of the pleadings alone. *Id.* When considering a motion to dismiss, the court "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* The court should grant the motion "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Id.* On appeal, we review the trial court's resolution of a motion to dismiss de novo with no presumption of correctness. *Phillips v. Montgomery Cty.*, 442 S.W.3d 233, 237 (Tenn. 2014).

---

[5] The trial court also ordered that any new complaint, petition, motion, request, application, or other document filed by Plaintiff within the next twenty-four months in any of the state trial courts of the 5th Judicial District be submitted to the Special Master to determine whether such filing alleges the same allegations that Plaintiff has previously litigated and whether such filing is frivolous or duplicative. The Special Master will then provide a written report, recommending whether the filing should be dismissed.

DISCUSSION

## A.  The Trial Court Properly Dismissed All of Plaintiff's Claims

With regard to Plaintiff's claims against the Tennessee Department of Corrections and Mike Parris (the "TDOC Defendants"), the Alcoa Police Department, Lowell Ridings, Dale Boring, and Ernest Kemper (the "Alcoa Defendants"), the Blount County Sheriff's Department, the Blount County District Attorney's Office, Edward Bailey, and Kirk Andrews (the "Blount County Defendants"), and Messrs. Gibson and Whitman,[6] we conclude that the trial court properly dismissed such claims.

As to Plaintiff's specific claims against the Alcoa Defendants, the Blount County Defendants, and Messrs. Gibson and Whitman, from what this Court has surmised, all of the factual allegations related to such defendants are based upon Plaintiff's seizure, arrest, prosecution, and ultimate conviction, all of which occurred from 1998 to 2000. Significantly, Plaintiff does not dispute that the factual basis for these claims arose between 1998 and 2000; rather, Plaintiff argues that he was "unlearned in the law" and "unaware of the significance of the relevant facts that supported such rights" until April 2017.  However, it is well-established that a lack of understanding of the law does not extend the statute of limitations. *Richardson v. State*, No. 01C01-9503-CC-00079, 1995 WL 384757, at *1-2 (Tenn. Crim. App. June 29, 1995) ("[A]ppellant's claim that his lack of understanding of the law should excuse his tardiness is . . . without merit.").  As the trial court correctly found, it is clear from Plaintiff's previous complaints and petitions that he has been well aware of the facts supporting his claims against many of the Defendants for a number of years.

Plaintiff's state law tort claims are time-barred by the statute of limitations in the Tennessee Governmental Tort Liability Act.  Tennessee Code Annotated section 29-20-305 sets out the applicable statute of limitations: "The action must be commenced within twelve months after the cause of action arises."  Tenn. Code Ann. § 29-20-305(b). Similarly, Plaintiff's Tennessee Human Rights Act ("THRA") claims and federal claims brought pursuant to 42 U.S.C. section 1983 are barred by their respective one-year statute of limitations.  As to Plaintiff's THRA claims, Tennessee Code Annotated section 4-21-311 provides that "[a] civil cause of action under this section shall be filed . . . within one (1) year after the alleged discriminatory practice ceases[.]"  Tenn. Code Ann. § 4-21-311(d).  As to Plaintiff's section 1983 claims, the Supreme Court has held that such claims are best characterized as tort actions for the recovery of damages for personal injury actions from the state where the action was brought. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)).  For

---

[6] On December 12, 2018, this Court was notified that Mr. Gibson had passed away the previous month.  Moreover, it appears that neither Mr. Gibson nor Mr. Whitman was ever properly served with process.

such claims in Tennessee, a one-year statute of limitations is set out in Tennessee Code Annotated section 28-3-104:

> (a)(1) Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action accrued:
> (A) Actions for libel, injuries to the person, false imprisonment, malicious prosecution, or breach of marriage promise;
> (B) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and
> (C) Actions for statutory penalties.

Tenn. Code Ann. § 28-3-104(a)(1). Here, Plaintiff filed his Complaint on April 10, 2018. As such, Plaintiff failed to raise his claims against the Alcoa Defendants, the Blount County Defendants, and Messrs. Gibson and Whitman until nearly twenty years after his causes of action arose. Accordingly, all of Plaintiff's claims against the Alcoa Defendants, the Blount County Defendants, and Messrs. Gibson and Whitman are time-barred.

As to Plaintiff's claims against the TDOC Defendants, it is difficult to discern from the Complaint—and from his brief on appeal—when such claims occurred. Plaintiff's claims against the TDOC Defendants are incomprehensible, and he has provided no dates or time frames regarding any alleged misconduct committed by them. To the extent any of Plaintiff's claims against the TDOC Defendants relate to events that occurred prior to April 10, 2017, we conclude that the trial court correctly ruled that those claims are time-barred. To the extent Plaintiff's claims against the TDOC Defendants can be construed so as to relate to events that occurred after April 10, 2017, we conclude that the trial court's dismissal of such claims was nevertheless proper because it found that it lacked subject matter jurisdiction based on sovereign immunity grounds. The doctrine of sovereign immunity provides that the State of Tennessee and its employees in their official capacities are immune from suit except as the State consents to be sued. *State ex rel. Moncier v. Jones*, No. M2012-00778-COA-R3-CV, 2013 WL 2492652, at \*3 (Tenn. Ct. App. June 6, 2013) (citing *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000)). The Department of Corrections is an agency of the State of Tennessee and is thus entitled to sovereign immunity. Likewise, to the extent Plaintiff is suing Mike Parris in his official capacity as the warden of Morgan County Correctional Complex, Mike Parris is also entitled to sovereign immunity.[7] *See Cox v. State*, 399 S.W.2d 776, 778 (Tenn.

---

[7] While it is impossible to discern whether Plaintiff is doing so, to the extent Plaintiff is suing Mike Parris in his individual capacity, such claims nevertheless fail for violating Tennessee Rule of Civil Procedure 8.01, which provides that "a pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Tenn. R. Civ. P. 8.01. While a complaint does not need to contain "detailed allegations of all the facts giving rise to the claim," it must provide "sufficient factual allegations to articulate a claim for relief." *Bowman v. Benouttas*, 519 S.W.3d 586, 601 (Tenn. Ct. App.

1965) ("A suit against a state official in his official capacity is a suit against the state."). Accordingly, we conclude that the trial court properly found that it lacked subject matter jurisdiction over Plaintiff's claims against the TDOC Defendants. We affirm the trial court's dismissal of all of Plaintiff's claims against all of the Defendants.

### B. Motion to Supplement the Record

Plaintiff also argues that the trial court erred in denying his motion to supplement the record (Appellant Supplemental Brief, pg. 8). On December 12, 2018, Plaintiff filed in this Court a "Motion to Supplement the Record with the Statement of the Evidence and to Deem It Approved." On January 3, 2019, we remanded the motion to the trial court to determine whether and to what extent the record required supplementation in the manner described in the motion (See COA Order on C-Track). On January 17, 2019, the trial court entered its order, dismissing Plaintiff's motion with the reasoning that there was already a transcription of the proceedings in the record. While the trial court did treat Plaintiff's motion as a motion to correct or modify the record on appeal to include matters that Plaintiff alleged had been omitted from the record, the trial court ultimately found no such matters and dismissed Plaintiff's motion to supplement the record.

> Rule 24(e) of the Tennessee Rules of Appellate Procedure provides the following: If any matter properly includable is omitted from the record . . . the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court . . . . [T]he determination of the trial court is conclusive.

Tenn. R. App. P. 24(e). Because a transcription of the proceedings was already a part of the appellate record, the trial court did not err in denying Plaintiff's motion to supplement. Moreover, to the extent that the trial court considered Plaintiff's motion as a motion to correct or modify the record, the trial court did not err because its determination on the matter is conclusive pursuant to Rule 24(e). We conclude that Plaintiff is not entitled to any relief on this ground.

### C. Jury Trial

Lastly, Plaintiff argues on appeal that he was deprived of "the right to trial by jury" on his claims alleged in the Complain. While Plaintiff did demand a trial by jury, as is his right pursuant to Tennessee Rule of Civil Procedure 38.02,[8] the trial court

---

2016). Because Plaintiff failed to provide any dates or time frames regarding any alleged misconduct, Plaintiff's complaint does not meet the pleading requirements of Rule 8.01.

[8] Tennessee Rule of Civil Procedure 38.02 provides the following:

Any party may demand a trial by jury of any issue triable of right by jury by demanding

ultimately dismissed all of his claims as a matter of law. Logically, such claims will not reach a jury. *See Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000) ("Many suits can be adjudicated on the pleadings."). Accordingly, we conclude that Plaintiff was not deprived of his right to a trial by jury.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is hereby affirmed in all respects.

_____
ARNOLD B. GOLDIN, JUDGE

---

the same in any pleading specified in Rule 7.01 or by endorsing the demand upon such pleading when it is filed, or by written demand filed with the clerk, with notice to all parties, within 15 days after the service of the last pleading raising an issue of fact.

Tenn. R. Civ. P. 38.02.