IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 30, 2002

## JEFFREY A. SIMMONS v. GATH BAPTIST CHURCH, ET AL.

**Appeal from the Circuit Court for Warren County**
**No. 909     Charles D. Haston, Judge**

---

**No. M2001-02511-COA-R3-CV - Filed January 23, 2003**

---

A man arrested for child sexual abuse brought an action against the church he once worked for, as well as against the Department of Children's Services and other governmental agencies, claiming that his arrest was procured by illegal or unconstitutional means. The trial court dismissed the action for failure to state a claim for which relief can be granted, and the passing of the Statute of Limitations. The court further held that the defendant governmental entities were immune from civil liability. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Jeffrey A. Simmons, McMinnville, Tennessee, Pro Se.

William E. Godbold, III, Chattanooga, Tennessee, for the appellee, Gath Baptist Church.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Ellen H. Pollack, Assistant Attorney General, for the appellees, Department of Children's Services, District Attorney General of Warren County, and Tennessee Bureau of Investigation.

Larry B. Stanley, Sr., McMinnville, Tennessee, for the appellees, Doug Deaton, Warren County Jail, and Warren County General Sessions Judge Larry Ross.

## OPINION

### I. AN ARREST FOR SEXUAL ABUSE

On May 13, 2000, Jeffrey Simmons, who had lost his job as a youth leader and Sunday School teacher at Gath Baptist Church in McMinnville was arrested for aggravated sexual battery

and solicitation of a minor. On August 11, the Warren County Grand Jury indicted him. Mr. Simmons was apparently unable to make bail, and was incarcerated in the Warren County Jail to await trial.

On June 22, 2001, Mr. Simmons filed what he called a "Motion for Redress of Grievances," a hand-written document which was apparently meant to be the equivalent of a Civil Complaint, and was treated by the court as such. The document named the Gath Baptist Church, the Department of Children's Services, the District Attorney, the Tennessee Bureau of Investigation, the Warren County Jail, and a Warren County Judicial Commissioner as defendants.

Mr. Simmons' allegations appear, at least in part, to be a rehearsal for his criminal defense. They include claims that his arrest was in direct retaliation for his reports of sexual abuse against other leaders of the church, and they are filled with references to illegal searches, failure to give Miranda warnings, biased witnesses, illegal interrogations, etc. Mr. Simmons is also apparently claiming that newspaper publicity about the case gives him a cause of action for libel. He did not ask for any kind of relief, other than that a lawyer be appointed to represent him. The circuit court denied that portion of his motion.

The defendants were served, and those who responded filed Motions to Dismiss. All of the motions included arguments that the relevant statutes of limitations had passed for all the possible claims that could be made out from Mr. Simmons' pleading, and that he had failed to state a claim for which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). Additionally, the governmental defendants argued that they were immune from suit under the doctrine of sovereign immunity.

Mr. Simmons subsequently filed responses to the motions to dismiss which did not really address the defendants' arguments, except in the broadest and most conclusory ways. He also filed additional "motions," some of which purported to name additional defendants, including the two judges who had been involved in his case, and various members of Gath Baptist Church.

Many of his motions added allegations against the defendants and others who he claimed had "turned my wife and children against me." A Motion for Discovery propounded 191 questions, most of which had to do with the state of mind and private activities of the church members who he believed were responsible for his predicament. Another motion asserted a claim for conspiracy and official oppression against the judge in his case. Yet another contained allegations about inhumane conditions in the Warren County Jail, including claims that guards had allowed him to be assaulted by other prisoners.

The pleadings also began incorporating inconsistent and ever-increasing demands for relief, including an investigation of the Warren County government, appropriation of money for a new jail, a new house and a new car, truck or van for the plaintiff's family, payment of all the family's bills and college tuition for his children. Finally, in a Motion to Amend, Mr. Simmons asked that all prior demands be replaced with $10 million in compensatory damages, because "this seems to be the

going rate of other alleged 'frivolous' lawsuits via inmates who have filed against 'Warren County Jail.'"

The defendants filed another Motion to Dismiss, on the grounds of collateral estoppel and res judicata. They asserted that Mr. Simmons had also sued them in the Federal District Court, alleging the same particulars and violations, and that the suit was summarily dismissed by the federal judge on July 5, 2001. A copy of the Federal court's Memorandum Opinion and Order was appended to the Motion to Dismiss.

On September 26, 2001, the trial court filed its Final Order in this case. The court noted the ruling by the federal court, and the "bewildering number of pleadings and inconsistent demands" presented by Mr. Simmons. The court also found the grounds asserted by the defendants to be valid and accordingly dismissed Mr. Simmons' "Motion." Additionally, the court found that "because the plaintiff's civil action is without merit, as are all subsequent motions, the plaintiff has abused the Judicial Process and the Clerk is directed to refuse any future process based upon this civil action." This appeal followed.

## II. ISSUES ON APPEAL

The appellant has listed 17 issues for review, most of which have nothing to do with the grounds upon which his pleading was dismissed. However, he does state that the statute of limitations should not apply to him because the Warren County Jail did not provide adequate resources for prisoners to do legal research, and that the governmental defendants are not immune because they were also sued in their individual capacities and for acting under color of state law. We find neither of these arguments to be persuasive.

## A. FAILURE TO STATE A CLAIM

Rule 8.01 of the Rules of Civil Procedure states that the pleading required to initiate a civil suit must contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief the pleader seeks." This rule simplifies the more complicated procedures under earlier versions of the rules. However, neither the appellant's initial motion nor his subsequent filings are sufficiently coherent to satisfy the simplified requirements.

Instead, they assert a welter of allegations and grievances against a large number of people, some of whom are named as defendants and some not. Most of the allegations are so lacking in sufficient particulars that it is difficult to determine what conduct each individual is alleged to be guilty of, when and under what circumstances the conduct occurred, and why Mr. Simmons believes it to be actionable. It is clear that the appellant believes his current predicament to be the fault of others, but such a belief, when coupled with vague and inconsistent accusations against those others, does not state a claim for which relief can be granted, *see* Tenn. R. Civ. P. 12.02(6), even when

examined under the less stringent standards that the courts extend to pro se litigants. *See Winchester v. Little*, 996 S.W.2d 818 (Tenn. Ct. App. 1998); *Norton v. Everhart*, 895 S.W.2d 317 (Tenn. 1995).

## B. Statutes of Limitations

Mr. Simmons was arrested for aggravated sexual battery and solicitation of a minor on May 13, 2000. Insofar as his claims arose from the alleged wrongfulness of his arrest, he was required to file suit within one year of that date to preserve any right of action grounded in false imprisonment, malicious prosecution, or deprivation of civil rights under 28 U.S.C. § 1983. *See* Tenn. Code Ann. § 28-3-104(a)(1) and (3). Mr. Simmons did not file his initial pleading until June 22, 2001.

The appellant argues that we should disregard the statute of limitations in his case because he was not aware of his legal rights, and because the Warren County Jail failed to provide him with adequate legal services or a law library. The law allows the statute of limitations to be tolled under certain specific circumstances. These include fraudulent concealment, *Green v. Sacks*, 56 S.W.3d 513 (Tenn. Ct. App. 2001), *Soldano v. Owens-Corning Fiberglass Corp.,* 696 S.W.2d 887 (Tenn. 1985), mental incompetence, *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000), and the minority of the plaintiff, *State ex rel Grant v. Prograis*, 979 S.W.2d 594 (Tenn. Ct. App. 1997). But ignorance of the law is not one of these circumstances, and neither is lack of access to a law library when the plaintiff is incarcerated. *See Brown v. State,* 928 S.W.2d 453 (Tenn. Crim. App. 1996).

Claims for slander are subject to a six-month statute of limitations, and libel to one year. Tenn. Code Ann. §§ 28-3-103 and 28-3-104(a)(1). Mr. Simmons claims that he was slandered and libeled, and he has attached a number of newspaper articles about his case to his appellate brief to substantiate those claims. The articles are dated May 14, 2000, June 23, 2000, August 27, 2000, April 20, 2001, and August 8, 2001. But it is unclear who Mr. Simmons believes has defamed him, or when this action took place.

If his claims are against the church members whose accusations led to his arrest, then the statute has clearly run. If they are against the newspapers that published these accusations, we must note that the articles do not take any position on his guilt or innocence, but merely report the allegations behind the state's criminal charges, the progress of the case, and his own statements rebutting those charges. We fail to see how any of these would support a defamation claim.

## C. Immunity

Mr. Simmons named several state agencies and public employees in his lawsuit. Suits against state employees acting in their official capacities are deemed to be suits against the State itself. *Cox v. State*, 399 S.W.2d 776 (Tenn. 1965). The State may only be sued "in such manner and in such courts as the Legislature may by law direct." Tenn. Const., art. I, § 17. Thus, "the State is

immune from suit in a state court unless the legislature provides to the contrary." *Shell v. State*, 893 S.W.2d 416 (Tenn. 1995). Additionally, the District Attorney is entitled to a prosecutor's absolute immunity from damages arising from his initiation and pursuit of a prosecution and in presenting the State's case. *See Willett v. Ford,* 603 S.W.2d 143 (Tenn. Ct. App. 1980); *Imbler v. Pachtman,* 424 U.S. 409 (1976).

The appellant has not identified any statutory authority for his claims against state agencies and employees. He insists, however, that the inclusion in some of his "motions" of the statement that his claims are asserted against certain officials in their individual capacities, is in itself sufficient to keep such claims alive. The only theory we can think of that would allow a claimant to sue a state official in his individual capacity for actions undertaken by the official while performing what appears to be his official duty is a civil rights action under 42 U.S.C. § 1983. But as we indicated above, any action based upon such a theory in this case is barred by collateral estoppel and by the statute of limitations.

## V.

The order of the trial court is affirmed. Remand this cause to the Circuit Court of Warren County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Jeffrey Simmons.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.